E-FILED
Thursday, 18 July, 2019  03:43:31 PM
Clerk, U.S. District Court, ILCD

In The United States
District Court - Central
District Of Illinois

Georgio Gaines

Case No. 18-CV-1373

V.J

Susan Prentice, et Al.,

Honorable Judge
Joe Billy McDade
presiding

## Plaintiff Georgio Gaines First Amended Complaint

Plaintiff Georgio Gaines pro'se, respectfully states for his First Amended Complaint As Follows:

### Nature Of The Case

(1) This Action is brought pursuant to 42 U.S.C. § 1983 to redress Cruel And Unusual Punishment perpetrated in Violation of the 8th And 14th Amendments to which plaintiff was Subjected to Excessive Force from S.O.R.T. Officers And

(1)

Inhumane And Unsanitary living Conditions by Susan Prentice And Downie Drysdale, on February 21st And 22cnd of 2018, while plaintiff WAS Housed in the Administrative Detention Unit At Pontiac Correctional Center.

(2) On February 21st And 22cnd, 2018, plaintiff WAS the Subject of A Malicious And Sadistic Attack perpetrated by Correctional Officers. Plaintiff was Subject to physical torture And denied basic necessities like water for days At A time.

## Parties

(3) Plaintiff Georgio Gaines Currently is An Inmate At Pontiac Correctional Center, Inmate number M23976, And Under the Custody of the Illinois Department Of Corrections.

(4) Defendant Susan Prentice ("Major Prentice") was At All relevant times A duly Sworn Correctional Officer with Illinois Department Of Corrections At Pontiac Correctional Center.

(2)

(5) Defendant Sgt. Downie Drysdale ("Sgt. Drysdale") was at all relevant times a duly sworn Correctional officer with the Illinois Department of Corrections at Pontiac Correctional Center,

(6) Defendant Sgt. Paul Blackwell of the Special Operations Response team ("S.O.R.t.") was at all relevant times a Duly sworn Correctional officer with the Illinois Department of Corrections at Pontiac Correctional Center.

(7) Defendant Anton Frazier of the Special Operations Response Team ("S.O.R.T.") was at all relevant times a Duly Sworn Correctional officer with the Illinois Department of Corrections at Pontiac Correctional Center,

(8) Defendant William Byrd of the Special Operations Response Team ("S.O.R.T.") was at all relevant times a Duly Sworn Correctional Officer with the Illinois Department of Corrections at Pontiac Correctional Center.

(3)

(9) Defendant Tamie Lukes of the Special Operations Response team ("S.O.R.T") was at all relevant times a duly sworn Correctional officer with the Illinois Department of Corrections at Pontiac Correctional Center.

(10) Defendant Jordan Pratt of the Special Operations Response team ("S.O.R.T.") was at all relevant times a Duly sworn Correctional officer with the Illinois Department Of Corrections at Pontiac Correctional Center.

## Jurisdiction
## And
## Venue

(11) The Court has subject matter Jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343. Venue is proper in the United States District Court for the Central District OF Illinois pursuant to 28 U.S.C. § 1391 (B)(2) because a substantial part of the event or omissions giving rise to the § 1983 Claims at issue

(4)

Occured At Pontiac Correctional Center in
Livingston County Illinois.

## Administrative Exhaustion

(12) Pursuant to I.D.O.C. rules, An
emergency grievance is substantiated
when there is Substantial risk of
Imminent personal injury or if there is
Serious irreparable harm to Self.

(13)   Mr. Georgio Gaines filed regular
grievances on February 23, 2018, February
25, 2018, And February 27, 2018, but these
grievances "magically disappeared." So on
March 5, 2018 Mr. Georgio Gaines filed An
emergency grievance to the warden Alleging
being Sprayed with pepper spray, Forced
to Urinate And defecate on himself, held in
A Cell without water for days At A time,
And denied proper medical Attention by
Medical Staff due to the Side Affects of
the Pepper spray. Mr. Gaines Also Alleged
he was Denied cleaning Supplies for the
Cell he occupied which had Feces on the wall.

(14)  On March 6, 2018, the warden denied

(5)

the grievance stating it wasn't an Emergency
And that the grievance should go through
the Normal process. Mr. Gaines filed Another
Emergency grievance March 7, 2018 stating
due to the prolonged Delay in Medical
Attention stemming from the Spraying of
pepper Spray by S.O.R.t officers, Mr. Gaines
has permanent bleeding Sores on his back
that Are painful And Needs to be Seen by
Medical staff. Mr. Gaines stated in this
grievance he Submitted Several Medical
requests but was ignored.
(15) The Warden then denied the grievance
As Non-Emergency on March 15, 2018.
Mr. Gaines then filed Another Emergency
grievance to the Warden About the
over All Conduct of S.O.R.t officers on
February 21st and 22cnd of 2018. The Warden
denied that grievance As NON Emergency
As well.
(16)   Mr. Gaines then Sent All three
grievances to the Administrative review
Board for Appeal pursuant to I.D.O.C.
rules. The Administrative Review Board
stated that Additional information was
required:(The original Grievance And The
(6)

response to offender's grievance from warden)

(17) Each Emergency grievance has the Decision, response, and signature from the warden as well as the date. The original grievances was stamped received by the Administrative review board - with the dates they were received.

(18) So the Administrative Review Board's request for the Original Grievance and Responses is Mind Bottling. Mr. Gaines then filed a regular grievance to the Counselor Again. This grievance was denied July 10, 2018. Mr. Gaines Appealed this grievance to the grievance office. The grievance office denied that grievance July 21, 2018. Mr. Gaines Appealed the Grievance Officer Decision to the Administrative review Board. The Administrative review board denied Mr. Gaines's grievance on August 23, 2018. To this day none of Mr. Gaines's Emergency grievances in the Administrative Review Board's office has been ruled on.

(19) Plaintiff exhausted the available Administrative remedies in Accordance with

(7)

42 U.S.C. § 1997(e) and Accordingly may bring this Action.

## ( MR. GAINES'S Housing )

(20)   Plaintiff entered the Custody of the Illinois Department of Corrections following Convictions in the Circuit Court of Cook County on Felony Charges. The Illinois Department of Corrections initially housed plaintiff At Stateville Correctional Center. In 2014, plaintiff was transferred from Stateville Correctional Center to Pontiac Correctional Center.

## ( The February 21st And 22cnd Lockdown )

(21)   On February 21, 2018 plaintiff was housed in the Administrative Detention Unit of Pontiac Correctional Center.

(22)   Due to An incident that didn't involve plaintiff, Officers of the Special Operations Response Team ("S.O.R.T.") were called

(8)

to the North Cell house / Administrative
Detention Unit. As S.O.R.T. Officers ran
on the gallery, Sgt. Paul Blackwell And
Unidentified S.O.R.T. officers stopped
in front of plaintiff's Cell As Well As
other inmates Cells too.

## Sgt. Blackwell Sprays Plaintiff With Pepper SPRAY

(23)    Sgt. Blackwell Asked plaintiff if
"he was ready to die"? Plaintiff looked
Confused And didn't Answer. Sgt. Blackwell
then Sprayed plaintiff in his Face And All
over his body, And then told plaintiff
to Cuff up in which plaintiff Complied.

## Major Susan Prentice Orders S.O.R.T. Officers to Escort Inmates to The YARD

(24)    As plaintiff was escorted out his
Cell he was took Along with other inmates

(9)

to the front door of the North Cell house, where he saw Mrs. Susan Prentice and more S.O.R.T. Officers. Mrs. Prentice than told the S.O.R.T. officer escorting plaintiff, to put plaintiff on the yard outside with the rest of the inmates, and handcuffed him to the fence.

## ( Major Susan Prentice and S.O.R.t. Officer Anton Frazier Denies Plaintiff Coat in freezing Temperatures )

(25)   Plaintiff stood handcuffed to the fence on the yard in a pair of shorts, Gym shoes, and a T-shirt. The weather on February 21st, 2018 were freezing temperatures below 0° degrees. Plaintiff asked one of the S.O.R.T. officers standing outside (Anton Frazier) if he "could have a coat"? Officer Frazier told plaintiff to "Freeze Fucker". Major Prentice then came outside the cell house and plaintiff and other inmates asked her for coats. Major Prentice then replied

"let this be A lesson when you All think
About throwing things At our Staff."
Plaintiff And other inmates stood in
that frigid weather for $2\frac{1}{2}$ Hours.

Plaintiff Is Denied Access
To The Restrooms And forced
To Defecate And Urinate
On Himself

(26)  Plaintiff And other Inmates were then
taken off the yard And escorted to the
chow Hall. While housed in the chow hall
plaintiff And other Inmates were restrained
And handcuffed to A steel Seat. Plaintiff
And other inmates were guarded by
S.O.R.T. officers. Plaintiff then Asked
S.O.R.T. officers, Tamie lukes, William
Byrd, And Jordan Pratt if he "could use
the restroom"? All the officers responded
by saying "NO". Thirty Minutes later
plaintiff began to Urinate And defecate
on himself.

(11)

## ( Plaintiff Is Then Placed In A Cell With Unsanitary Conditions )

(27) At 6:00 Am  6 hours later plaintiff WAS placed in Cell 309 in the North House. This Cell WAS pratically Covered in Feces from the last inmate who WAS housed in this cell. MAJor Prentice told plaintiff's Gallery officer And Sgt. Downie Drysdale to leave plaintiff And other Inmate's WAter off. Plaintiff's Shorts, Shoes, Shirt, And Socks were then taken from Plaintiff. Plaintiff stayed in Cell 309 with Just his Boxers on, Covered in Feces And pepper Spray for 3½ DAys.

## Plaintiff Develops Sores From The Pepper Spray And Seeks Medical Attention

(28) Within that 3 day period in Cell

309 plaintiff didn't have Any of his
property like pen And PAper so he
couldn't submit Medical requests.
Instead When Nurses stopped At
his cell to give him his psych Meds,
Plaintiff Asked if they could submit
him for Sick Call to See A Doctor
pertaining to his Sores. Plaintiff
WAS Seen Approximately $2\frac{1}{2}$ weeks
later by A Nurse.

( <u>Plaintiff Requests</u>
<u>Cleaning Supplies</u>
<u>And Water</u> )

(29)  During the $3\frac{1}{2}$ DAys, Strip Out
plaintiff Seen Sgt. Downie Drysdale
WALKing the gallery. Plaintiff stopped
Sgt. Drysdale And explained his medical
Situation to him As Well As Showed
Sgt. Drysdale the dried Up Feces
on the WALL. Plaintiff told Sgt.
Drysdale he needed his WAter Cut
bAck on And Some Cleaning MAteriAl
to clean the Cell With. Sgt. Drysdale

(13)

replied saying "Sorry Buddy, I can't
Do that". It wasn't until a week
later that plaintiff was given a
piece of soap the size of a coin,
by Major Susan Prentice.

## Count 1 - 42 U.S.C. § 1983
### (Major Susan Prentice - 8th Amendment)

(30)   Plaintiff hereby incorporates the
allegations fully set forth herein Count 1.
Major Susan Prentice Authorized the
physical torture to plaintiff while
plaintiff was restrained. At all relevant
times, Major prentice was a duly
sworn Correctional officer with the
State of Illinois who was charged
with the care and custody of plaintiff.
Major Prentice Acted wantonly toward
plaintiff and Acted Maliciously and
sadistically with the very purpose of
causing harm.
(31)   The Authorization of force ordered
by Major prentice was not Necessary,
was not Applied in proportion to Any
reasonably perceived threat, and was

(14)

Applied without effort to temper the
Severity of the force employed. Plaintiff
was grievously injured, Suffered
bodily injury, exposed to Bodily fluids,
And was forced to endure Cruel And
Unusual punishment in violation of
the 8th Amendment As A Direct And
proximate result of the Malicious
And Sadistic Conduct of Major Prentice.
(32)    The force Authorized by Major
prentice on plaintiff was excessive
And Caused An Unwanted An Unecessary
infliction of Serious pain. Major
Prentice's Conduct rose to the level
to be So egregious that Major
prentice Acted with evil motive or
Intent And with reckless or Callous
indifference to the Federal protected
rights of Others.

Wherefore   Georgio Gaines prays that
this Court:

(A) Enter Judgement on Count 1 in favor of

(15)

Georgio Gaines and Against Major Susan prentice in An Amount not less than $150,000 for the physical damages incured.

(B) Order Major Prentice to refrain from further violation of Georgio Gaines's Constitutional Rights Under the 8th Amendment;

(C) Award punitive damages in An Amount to be determined At trial;

(D) Such other relief As the Court deems Just And equitable.

Count 2-42 U.S.C. § 1983
(Sgt. Downie Drysdale-8th Amendment)

(33)    Plaintiff hereby incorporates the Allegations fully Set forth here in Count 2, Sgt. Downie Drysdale denied plaintiff Cleaning Material to clean himself Up As Well As his Cell, At All relevant

(16)

times, Sgt. Drysdale was a duly sworn
Correctional officer with the state
of Illinois who was charged with the
Care and Custody of plaintiff. Sgt.
Drysdale Acted wantonly toward
plaintiff and acted Maliciously and
Sadistically with the Very Purpose of
Causing harm.
(34)    Denying plaintiff the Basic
Necessities was not necessary, was
not Applied in proportion to Any
reasonably perceived threat, and
was Applied without effort to temper
the Severity of the harm employed.
Plaintiff was grievously injured, Suffered
bodily injury and was forced to endure
Cruel And Unusual punishment in Violation
of the 8th Amendment As A direct And
proximate result of the Malicious
And Sadistic Conduct of Sgt. Drysdale.
(35)    Sgt. Drysdale's Conduct rose to
the level to be so egregious that Sgt.
Drysdale Acted with Evil Motive or intent
And with reckless or Callous indifference
to the Federal, Protected rights of others.
(17)

Wherefore, Georgio Gaines prays that this Court:

(A) Enter Judgement on Count 2 in favor of Georgio Gaines And Against Sgt. Drysdale in An Amount not less than $150,000 for the physical Damages incured.

(B) Order sgt. Drysdale to refrain from further Violation of Georgio Gaines's Constitutional rights Under the 8th Amendment.

(C) Award punitive damages in An Amount to be determined At trial.

(D) Such other relief As the Court deems Just And equitable.

Count 3 - 42 U.S.C. § 1983
(Sgt. Paul Blackwell - 8th Amendment)

(36)  Plaintiff hereby incorporates the
Allegations As fully set forth in Count
3. Sgt. Paul Blackwell physically Assaulted
plaintiff by spraying plaintiff with
pepper spray for No Just Reason.
At all relevant times, Sgt. Blackwell
was a Duly Sworn Correctional officer
with the State of Illinois who was
Charged with the Care And Custody of
Plaintiff.

(37)    Sgt. Blackwell Acted wantonly
toward plaintiff And Acted Maliciously
And Sadistically with the Very purpose
of Causing harm. The force Applied by
Sgt. Blackwell was Not Necessary,
was Not Applied in proportion to Any
reasonably perceived threat, And was
Applied without effort to temper the
Severity of the force employed.

(38)    Plaintiff was grievously inJured,
Suffered bodily injury, And was forced
to endure Cruel and Unusual punishment
In violation of the 8th Amendment As A
(19)

direct And proximate result of the
Malicious And Sadistic Conduct of
Sgt. Blackwell. The force Used by Sgt.
Blackwell on plaintiff was excessive
And Caused An Unwanted And Unnecessary
infliction of pain. Sgt. Blackwell's Conduct
rose to the level to be So egregious
that Sgt. Blackwell Acted with evil Motive
or intent And with reckless or Callous
indifference to the federal protected
rights of others.

Wherefore, Georgio Gaines prays that
this Court:

(A) Enter Judgement on Count 3 in favor
of Georgio Gaines And Against Sgt.
Paul Blackwell in An Amount not less
than $ 150,000 for the physical damages
incured.

(B) Order Sgt. Paul Blackwell to refrain
from further Violation of Georgio Gaines's
Constitutional rights Under the 8th
Amendment;

(20)

(C) Award punitive damages in an amount
to be determined at trial;

(D) Such other relief as the Court deems
just and equitable.

Count 4- 42 U.S.C. § 1983
(Anton Frazier- 8th Amendment)

(39)   Plaintiff hereby incorporates the
allegations as fully set forth herein
Count 4. Defendant Anton Frazier denied
plaintiff a coat and warmer clothing,
while plaintiff stood below 0° temperature
for 2½ hours. At all relevant times
Anton Frazier was a duly sworn
correctional officer with the state
of Illinois who was charged with the
care and custody of plaintiff.

(40)   Anton Frazier acted wantonly
toward plaintiff and acted maliciously
and sadistically with the very purpose
of causing harm. The force applied by
Anton Frazier was not necessary, was
not applied in proportion to any reasonably

(21)

perceived threat, And was Applied
without effort to temper the Severity
of the force employed. Plaintiff was
forced to endure Cruel And Unusual
punishment in violation of the 8th
Amendment As A direct And proximate
Result of the Malicious And Sadistic
Conduct of Anton Frazier.

(41)   The force used by Anton Frazier
on plaintiff was excessive And Caused
An Unwanted And Unnecessary infliction
of pain. Anton Frazier's Conduct rose
to the level to be so egregious that
Anton Frazier Acted with evil motive
or intent And with reckless or Callous
indifference to the federal protected
rights of others.

Wherefore, Georgio Gaines prays
that this Court :

(A) Enter Judgement on Count 4 in favor
of Georgio Gaines And Against Anton
Frazier in An Amount not less than

$150,000 for the physical DAMAges
incured;

(B) Order Anton Frazier to refrain from
further Violation of Georgio Gaines's
Constitutional rights under the 8th
Amendment;

(C) Award punitive damages in An Amount
to be determined At trial;

(D) Such other relief As the Court deems
Just And equitable.

Count 5-42 U.S.C § 1983
(William Byrd-8th Amendment)

(42)   Plaintiff hereby incorporates the
Allegations As Fully set forth herein Count
5. Defendant William Byrd denied
plaintiff the right to Use the restroom,
Causing plaintiff to Urinate And defecate
on himself while he was handcuffed And
restrained. Plaintiff sat in his Urine

(23)

and Feces for 6 hours straight. At
All relevant times william Byrd was
A Duly Sworn Correctional officer
with the State of Illinois who was
Charged with the Care And Custody
of plaintiff. William Byrd Acted
WAntonly toward plaintiff And Acted
maliciously And Sadistically with
the Very purpose of Causing harm.
(43) The force Caused by William
Byrd WAS Not Necessary, WAS Not
Applied in proportion to Any Reasonably
perceived threat, And WAS Applied
without effort to temper the Severity
of the force employed. Plaintiff WAS
forced to endure Cruel and Unusual
Punishment in Violation of the 8th
Amendment As A direct And proximate
result of the Malicious And Sadistic
Conduct of William Byrd.
(44) The force Used by William Byrd
on Plaintiff WAS Excessive And
Unnecessary. William Byrd's Conduct
Rose to the level to be So egregious
that William Byrd Acted with Evil
(24)

Motive or Intent And with Reckless or Callous indifference to the federal protected rights of others.

Wherefore, Georgio Gaines prays that this Court:

(A) Enter Judgement on Count 5 in favor of Georgio Gaines And Against William Byrd in An Amount not less then $150,000 for the physical damages incured.

(B) Order William Byrd to refrain from further violation of Georgio Gaines's Constitutional rights Under the 8th Amendment.

(C) Award punitive damages in An Amount to be determined At trial.

(D) Such other relief As the Court deems Just and equitable.

(25)

Count 6 - 42 U.S.C. § 1983
(Tamie Lukes - 8th Amendment)

(45)   Plaintiff hereby incorporates
the Allegations As Fully Set forth here
in Count 6. Defendant Tamie Lukes
denied plaintiff the right to Use the
restroom, Causing plaintiff to Urinate
And Defecate on himself while he
was handcuffed And Restrained. Plaintiff
Sat in his Urine And Feces for 6 hours
Straight. At All relevant times Tamie
Lukes was A Duly Sworn Correctional
officer with the State of Illinois who
was Charged with the Care And
Custody of plaintiff.
(46)   Tamie Lukes Acted Wantonly toward
plaintiff And Acted Maliciously And
Sadistically with the very purpose
Of Causing hArm. The force Caused by
Tamie Lukes was Not Necessary, was
Not Applied in proportion to Any reasonably
perceived threat, And was Applied without
effort to temper the Severity of the
force employed. Plaintiff was forced
to endure Cruel And Unusual Punishment
(26)

In Violation of the 8th Amendment As A direct And proximate result of the Malicious And Sadistic Conduct of Tamie Lukes.

(47)   The force Used by Tamie Lukes on Plaintiff WAS Excessive And Unnecessary. Tamie Luke's Conduct Rose to the level to be So Egregious that Tamie Lukes Acted With Evil Motive or Intent And with Reckless or Callous indifference to the Federal protected Rights of Others.

Wherefore, Georgio Gaines prays that this Court:

(A) Enter Judgement on Count 6 In favor of Georgio Gaines And Against Tamie Lukes in An Amount not less than $150,000 for the physical Damages incured.

(B) Order Tamie Lukes to refrain from further Violation of Georgio Gaines

(27)

Constitutional Rights under the 8th
Amendment;

(C) Award punitive Damages in An Amount
to be Determined At trial;

(D) Such other Relief As the Court
deems Just And equitable.

Count 7 - 42 U.S.C. § 1983
(Jordan Pratt - 8th Ammendment)

(48)     Plaintiff hereby incorporates the
Allegations As fully set forth here in
Count 7. Defendant Jordan Pratt Denied
plaintiff the right to Use the restroom,
Causing plaintiff to Urinate And defecate
on himself while he was handcuffed
And restrained. Plaintiff Sat in his
Urine And Feces for 6 Hours straight.
At All relevant times Jordan Pratt
was A Duly Sworn Correctional officer
With the State of Illinois who was
Charged With the Care And Custody of
(28)

plaintiff.

(49)   Jordan Pratt Acted wantonly toward plaintiff And Acted Maliciously And Sadistically with the Very purpose of Causing harm. The force Caused by Jordan Pratt was Not Necessary, was Not Applied in proportion to Any Reasonably perceived threat And was Applied without effort to temper the severity of the force employed. Plaintiff was forced to endure Cruel And Unusual punishment in Violation of the 8th Amendment As A direct And proximate Result of the Malicious And Sadistic Conduct of Jordan Pratt.

(50)   The force Used by Jordan Pratt on Plaintiff was excessive And Unnecessary. Jordan Pratt's Conduct Rose to the level to be So Egregious that Jordan Pratt Acted with Evil Motive or Intent And With Reckless or Callous indifference to the Federal protected rights of Others.

Wherefore, Georgio Gaines prays

(29)

this Count:

(A) Enter Judgement on Count 7 in Favor of Georgio Gaines And Against Jordan Pratt in An Amount not less than $ 150,000 for the physical Damages Incured;

(B) Order Jordan Pratt to refrain from further Violation of Georgio Gaines's Constitutional Rights Under the 8th Amendment;

(C) Award punitive Damages in An Amount to be determined At trial;

(D) Such other Relief As the Court deems Just And equitable.

<u>Jury Demand</u>

Plaintiff Georgio Gaines hereby respectfully demands trial by Jury on All Counts.

Dated: April 10, 2019

Respectfully Submitted
<u>Georgio Gaines</u>

(30)